JENNIE ANGEL, Respondent, Appellant, v. THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Appellant, Respondent.— Action to recover the proceeds of three insurance policies of George Angel, deceased, deposited with the defendant as collateral. Judgment in favor of the plaintiff, entered upon the answers of a jury to special questions, reversed on the law, with costs to the defendant, and the complaint dismissed, with costs. This determination is without prejudice to the right of plaintiff to become possessed of such other collateral, or its proceeds, in whole or in part, in the event that the insurance policies discharge, in whole or in part, the obligations of the deceased to the bank. There was adduced at this retrial certain documentary evidence (Defendant's Exhibits G, H, I and J, dated respectively August 13, 14, 20, and 21, 1934), which exhibits were not produced on the prior trial. These exhibits construed the effect of the liabilities clause in the collateral note as well as the obligations of the decedent under the general loan and collateral agreement (a separate instrument), the latter being dated May 4, 1934, so as to make clear that these instruments had effected a pledge of the proceeds of these insurance policies not only to decedent's personal loan but to his obligations under his guaranty of the corporate indebtedness to the bank. He recognized this effect and acquiesced in this view in connection with a refusal of further loans. These documents make imperative a holding, as a matter of law, that the proceeds of the insurance policies in suit are subject to all of the obligations of the deceased owing to the bank. This is especially so where there

is no documentary evidence of a contrary construction or any parol testimony evidencing a contrary intent of the parties as contained in the record in respect of what was the intent of the parties at the time the policies were assigned to the bank in October, 1931. (*Chase Nat. Bank of City of New York* v. *Hendrickson* [*Henry*], 89 F. [2d] 997.) There is no sufficient basis in the record to warrant the view that a determination may be intelligibly made as to the rights of the parties respecting stocks or other similar collateral possessed by the bank in connection with the obligations of the deceased. The determination, therefore, in this case is without prejudice to the right of the plaintiff to become possessed of such other collateral, or its proceeds, in whole or part, in the event that the proceeds of the insurance policies discharge in whole or part the obligations of the deceased to the bank. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.